**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | No. CV-12-2072-PHX-FJM |
| Bashas' Inc., et al. | ) | No. BK 09-16050-JMM |
| Debtors. | ) | Adv. No. 12-AP-0226-JMM |
| _____ | ) | **ORDER** |
| Robert Kubicek Architects & Assocs. Inc., | ) | |
| Appellant, | ) | |
| vs. | ) | |
| Bashas' Inc.; Bashas' Leaseco Inc.; Sportsman's LLC, | ) | |
| Appellees. | ) | |
| _____ | ) | |

This is an appeal by Robert Kubicek Architects & Associates, Inc. ("Kubicek") from orders of the bankruptcy court dated July 13, 2012, In re Bashas' Inc., No. 09-BK-16050-JMM, Adv. No. 12-AP-00226-JMM (doc. 28) ("Adv. Proceeding"), and September 12, 2012, Adv. Proceeding (doc. 36). In our order granting Kubicek's motion to withdraw the reference in a related matter, Robert Kubicek Architects & Assocs. Inc. v. Bashas' Inc., No. 12-CV-1497 (D. Ariz. 2012) (doc. 10), we resolved each of the issues presented in this appeal. Although we expected that Kubicek would withdraw its appeal in light of our ruling, we nevertheless now have before us Kubicek's opening brief (doc. 8), Bashas' response brief

1 (doc. 9), and Kubicek's reply brief (doc. 11).

2       In the adversary proceeding, the bankruptcy court granted Bashas' motion to dismiss,
3 concluding that Kubicek had not filed a proof of claim related to Bashas' pre-petition
4 conduct, and therefore Kubicek "cannot participate in any distribution of any kind, under
5 Bashas' confirmed plan of reorganization." Adv. Proceeding (doc. 28).  The bankruptcy
6 court further held that it "is unable to grant Plaintiff any other or ongoing relief," in other
7 words relief related to post-petition conduct.  Id.  Kubicek then filed a motion for
8 clarification asking the bankruptcy court to explain whether its order purported to dismiss
9 and discharge Kubicek's claims related to post-petition conduct.  The bankruptcy court
10 denied the motion for clarification explaining that in light of Stern v. Marshall, 131 S. Ct.
11 2594 (2011), it would not "stray into deciding matters that are outside of its limited
12 jurisdictional power." Adv. Proceeding (doc. 36).  In our order on the motion to withdraw
13 the reference, we construed this statement as the bankruptcy court's recognition that it was
14 without jurisdiction to consider Kubicek's post-petition claims. 12-CV-1497 (doc. 10 at 2).
15 The bankruptcy court could not have dismissed claims that were beyond its jurisdiction. We
16 therefore concluded that Kubicek's post-petition claims remain pending.  Id.

17       Nevertheless, Kubicek filed this appeal, again seeking clarification of whether the
18 bankruptcy court discharged its post-petition claims.  We reiterate our holding that the
19 bankruptcy court did not dismiss claims for damages or for equitable relief related to post-
20 petition conduct.

21       **IT IS ORDERED AFFIRMING** the July 12, 2012 and September 12, 2012 orders
22 of the bankruptcy court.  The clerk shall enter final judgment.

23       DATED this 9th day of January, 2013.

25       _Frederick J. Martone_
26       Frederick J. Martone
      United States District Judge